IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT K. GINSBURG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-00952-L |
| | § | |
| GEORGETOWN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## SCOTT K. GINSBURG'S ANSWER TO GEORGETOWN'S COUNTERCLAIMS

Plaintiff/Counter-Defendant Scott K. Ginsburg ("Ginsburg") files this Answer to Defendant/Counter-Plaintiff Georgetown University's ("Georgetown") Counterclaim as pleaded in its Answer and Counterclaim (Doc. No. 7).

## ANSWER TO GEORGETOWN'S COUNTERCLAIMS

### I. INTRODUCTION

1. With respect to the allegations contained in paragraph 1 of Georgetown's Counterclaim, Ginsburg admits he executed an agreement with Georgetown in 2000 and an amendment to that agreement in 2003, but denies that paragraph 1 fully and accurately states the terms of the agreement and its amendment, which speak for themselves, and otherwise denies the allegations contained in in paragraph 1 of Georgetown's Counterclaim

2. Ginsburg denies the allegations contained in paragraph 2 of Georgetown's Counterclaim, except to admit that he seeks the return of the money that he donated to Georgetown since 2000, which totals over $7.5 million.

3. With respect to the allegations contained in paragraph 3 of Georgetown's Counterclaim, Ginsburg admits that a judgment was entered against Ginsburg and in favor of the United States Securities and Exchange Commission in a civil action, denies that paragraph 3 fully and accurately describes that judgment, which speaks for itself, and otherwise denies the allegations contained in paragraph 3.

4. Ginsburg denies the allegations contained in paragraph 4 of Georgetown's Counterclaim, except to admit that he made an $11 million pledge to the Law Center and donated another $1 million to Georgetown.

5. Ginsburg denies the allegations contained in paragraph 5 of Georgetown's Counterclaim, except to admit that he spoke at the opening of the fitness center in September 2004, where Georgetown unveiled a plaque together with a large portrait of him, which remain in the interior entranceway to the Center today.

6. Ginsburg denies the allegations contained in paragraph 6 of Georgetown's Counterclaim, except to admit that he expressed concern that the building had not been named for him at a meeting in 2013.

7. Ginsburg denies the allegations contained in paragraph 7 of Georgetown's Counterclaim, except to admit that he sued Georgetown in 2013.

8. Ginsburg denies the allegations contained in paragraph 8 of Georgetown's Counterclaim, except to admit that Georgetown purports to bring a counterclaim for $9 million.

## II. PARTIES

9. Ginsburg admits the allegations contained in paragraph 9 of Georgetown's Counterclaim.

10. Ginsburg admits the allegations contained in paragraph 10 of Georgetown's Counterclaim.

### III. JURISDICTION

11. The allegations contained in paragraph 11 of Georgetown's Counterclaim do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, Ginsburg admits this Court has jurisdiction over this matter.

### IV. VENUE

12. The allegations contained in paragraph 12 of Georgetown's Counterclaim do not require an admission or denial in accordance with the Federal Rules of Civil Procedure; otherwise, Ginsburg admits that venue is proper.

### V. FACTUAL ALLEGATIONS

13. Ginsburg admits the allegations contained in paragraph 13 of Georgetown's Counterclaim.

14. Ginsburg admits the allegations contained in paragraph 14 of Georgetown's Counterclaim.

15. Ginsburg admits the allegations contained in paragraph 15, except that Ginsburg lacks knowledge or information sufficient to form a belief about the truth of the allegations related to Georgetown's intent contained in paragraph 15 of Georgetown's Counterclaim. Accordingly, Ginsburg effectively denies those allegations.

16. With respect to the allegations contained in paragraph 16 of the Counterclaim, Ginsburg admits that he pledged $5 million to Georgetown to be used to construct the Scott K.

Ginsburg Sport and Fitness Center, and otherwise denies all remaining allegations contained in paragraph 16 of the Counterclaim.

17. Ginsburg admits the allegations contained in paragraph 17 of Georgetown's Counterclaim.

18. Ginsburg admits the allegations contained in paragraph 18 of Georgetown's Counterclaim.

19. Ginsburg admits the allegations contained in paragraph 19 of Georgetown's Counterclaim.

20. Ginsburg admits the allegations contained in paragraph 20 of Georgetown's Counterclaim.

21. Ginsburg admits the allegations contained in paragraph 21 of Georgetown's Counterclaim.

22. Ginsburg lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of Georgetown's Counterclaim. Accordingly, Ginsburg effectively denies the allegation.

23. Ginsburg admits the allegations contained in paragraph 23 of Georgetown's Counterclaim.

24. Ginsburg lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of Georgetown's Counterclaim. Accordingly, Ginsburg effectively denies the allegation.

25. Ginsburg lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of Georgetown's Counterclaim. Accordingly, Ginsburg effectively denies the allegation.

26. Ginsburg denies the allegations contained in paragraph 26 of Georgetown's Counterclaim.

27. Ginsburg denies the allegations contained in paragraph 27 of Georgetown's Counterclaim.

28. Ginsburg lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of Georgetown's Counterclaim. Accordingly, Ginsburg effectively denies the allegation. Ginsburg also expressly denies the implied allegation that he agreed the Scott K. Ginsburg Sports and Fitness Center would not bear his name.

29. Ginsburg denies the allegations contained in paragraph 29 of Georgetown's Counterclaim.

30. With respect to the allegations contained in paragraph 30 of the Counterclaim, Ginsburg admits that Dean Areen wrote to Ginsburg in May 2002, and that Ginsburg's donation made construction of the Scott K. Ginsburg Sports and Fitness Center possible. Otherwise, Ginsburg denies all remaining allegations contained in paragraph 30 of Georgetown's Counterclaim.

31. Ginsburg denies the allegations contained in paragraph 31 of Georgetown's Counterclaim.

32. Ginsburg admits the allegations contained in paragraph 32 of Georgetown's Counterclaim.

33. Ginsburg lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of Georgetown's Counterclaim. Accordingly, Ginsburg effectively denies the allegations.

34. Ginsburg admits the allegations contained in paragraph 34 of Georgetown's Counterclaim.

35. Ginsburg admits the allegations contained in paragraph 35 of Georgetown's Counterclaim.

36. Ginsburg denies the allegations contained in paragraph 36 of Georgetown's Counterclaim.

37. Ginsburg admits the allegations contained in paragraph 37 of Georgetown's Counterclaim.

38. With respect to paragraph 38 of the Counterclaim, Ginsburg admits that the 2003 amendment modified and reaffirmed the 2000 Agreement, denies that the paragraph fully and accurately characterizes the 2003 amendment, which speaks for itself, and denies the remaining allegations in paragraph 38 of the Counterclaim.

39. Ginsburg admits the allegations contained in paragraph 39 of Georgetown's Counterclaim.

40. With respect to the allegations contained in paragraph 40 of the Complaint, Ginsburg admits that the Law Center dedicated the newly-completed Scott K. Ginsburg Sport and Fitness Center on September 10, 2004 and displayed a portrait of him in its lobby above a plaque stating that his gift had made the building possible. Otherwise, Ginsburg denies all remaining allegations contained in paragraph 40 of Georgetown's Counterclaim.

41. Ginsburg admits the allegations contained in paragraph 41 of Georgetown's Counterclaim.

42. Ginsburg admits the allegations contained in paragraph 42 of Georgetown's Counterclaim.

43. With respect to the allegations contained in paragraph 43 of the Counterclaim, Ginsburg admits that he sent Georgetown a handwritten note transmitting a $1 million check, explaining that "[my] commitment to GU is a source of great pride and happiness. And here is another installment of my continuing pledge to the University, the Law School and to its leadership"; and that in October 2006, he pledged and completed payment on a new $1,029,074.77 gift. Otherwise, Ginsburg denies all remaining allegations contained in paragraph 43 of Georgetown's Counterclaim.

44. Ginsburg denies the allegations contained in paragraph 44 of Georgetown's Counterclaim.

45. Ginsburg denies the allegations contained in paragraph 45 of Georgetown's Counterclaim.

46. Ginsburg lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of Georgetown's Counterclaim. Accordingly, Ginsburg effectively denies the allegations.

47. With respect to paragraph 47 of the Counterclaim, Ginsburg admits that he has sued Georgetown seeking to recover all money he has paid to Georgetown since executing the 2000 Agreement, and otherwise denies the allegations contained in the paragraph

## VI. CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

48. Ginsburg repeats his admissions and denials above as if fully set forth herein.

49. Ginsburg denies that paragraph 49 of the Counterclaim fully and accurately describes the 2003 amendment, which speaks for itself, and therefore denies the allegations contained in paragraph 49 of the Counterclaim.

50. Ginsburg denies the allegations contained in paragraph 50 of Georgetown's Counterclaim.

51. Ginsburg denies the allegations contained in paragraph 51 of Georgetown's Counterclaim.

52. Ginsburg denies the allegations contained in paragraph 52 of Georgetown's Counterclaim, and denies that Georgetown is entitled to the relief requested therein.

## COUNT II: PROMISSORY ESTOPPEL

53. Ginsburg repeats its admissions and denials above as if fully set forth herein.

54. Ginsburg denies the allegations contained in paragraph 54 of Georgetown's Counterclaim.

55. Ginsburg denies the allegations contained in paragraph 55 of Georgetown's Counterclaim.

56. Ginsburg denies the allegations contained in paragraph 56 of Georgetown's Counterclaim.

57. Ginsburg denies the allegations contained in paragraph 57 of Georgetown's Counterclaim.

Scott K. Ginsburg's Answer to Georgetown's Counterclaims          Page 8
02532-301 | 4825-3310-0819

## VII. JURY TRIAL

58. The allegations contained in paragraph 58 of Georgetown's Answer and Counterclaim do not require an admission or denial in accordance with the Federal Rules of Civil Procedure.

59. Ginsburg denies that Georgetown is entitled to any of the relief prayed for in paragraph 59 of Georgetown's Answer and Counterclaim.

## AFFIRMATIVE AND OTHER DEFENSES

60. Georgetown's counterclaims are barred in whole or in part because the alleged obligation is unenforceable.

61. Georgetown's counterclaims are barred in whole or in part by the statute of limitations.

62. Georgetown's counterclaims are barred in whole or in part by the doctrine of laches.

63. Georgetown's counterclaims are barred in whole or in part by the doctrine of waiver.

64. Georgetown's counterclaims are barred by the doctrine of estoppel.

65. Georgetown's counterclaims are barred in whole or in part by the doctrine of quasi-estoppel.

66. Georgetown's counterclaims are barred in whole or in part because its own acts or omissions caused or contributed to its alleged injury.

67. Georgetown's counterclaims are barred in whole or in part by its failure to mitigate its damages.

68. Georgetown's counterclaims are barred because they fail to state any claims upon which relief can be granted.

69. Georgetown's counterclaims are barred by failure of consideration and/or lack of consideration.

70. Georgetown's counterclaims are barred by the doctrine of unclean hands.

71. Georgetown's counterclaims are barred by modification, ratification and/or acceptance.

72. Georgetown's counterclaims are barred by prior material breach.

73. Ginsburg reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Scott K. Ginsburg prays that upon final judgment on Georgetown's Counterclaim (1) all relief requested by Georgetown University be denied, (2) all costs be taxed against Georgetown University, and (3) for such other and further relief to which it may be justly entitled, whether at law or in equity.

Dated: April 30, 2013				Respectfully submitted,

/s/ John T. Cox III
John T. Cox III
Texas Bar No. 24003722
tcox@lynnllp.com
David S. Coale
Texas Bar No. 00787255
dcoale@lynnllp.com
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
Nicholas J. Chapleau
Texas Bar No. 24069494
nchapleau@lynnllp.com
**LYNN, TILLOTSON, PINKER & COX, L.L.P.**
2100 Ross Avenue
Suite 2700
Dallas, Texas  75201
Telephone: (214) 981-3000
Facsimile: (214) 981-3839

ATTORNEYS FOR PLAINTIFF SCOTT K. GINSBURG

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record as indicated below, on April 30, 2013.

**Via ECF:**
Bruce D. Oakley
bruce.oakley@hoganlovells.com
Hogan Lovells US LLP
700 Louisiana Street
Suite 4300
Houston, TX 77002

/s/ John T. Cox III
John T. Cox III