UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT K. GINSBURG,

Plaintiff,

v.

GEORGETOWN UNIVERSITY,

Defendant.

Civil Action No. 1:13-cv-01312-RBW

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, discovery in the above captioned proceeding ("Proceeding") may involve, among other things, production of confidential documents and information that may be protected under Federal Rule of Civil Procedure 26(c);

WHEREAS, the parties in this Proceeding, Scott K. Ginsburg and Georgetown University (individually a "Party" and collectively the "Parties") wish to facilitate discovery and protect confidential information in accordance with applicable law;

WHEREAS, the Parties request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect confidential information as defined in Paragraph 1 below;

WHEREAS, this Confidentiality Stipulation and Protective Order is reasonably tailored, provides reasonable restrictions on the disclosure of confidential information, will promote a free exchange of documents and information, diminish involvement of the Court in discovery proceedings, and move the case along efficiently;

1

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties through their respective counsel, subject to approval of the Court, to entry of the following Stipulation and Protective Order, which shall govern all information disclosed by any Party in connection with the Proceeding:

1.   The Parties may designate any portion of the documents, testimony or other information disclosed in connection with this Proceeding (hereinafter "Discovery") "Confidential," subject to the challenge provisions set forth in Paragraph 6.  All such documents and testimony (hereinafter "Confidential Information") shall be marked with the designation: "CONFIDENTIAL."  In the event of a multi-page document, marking "CONFIDENTIAL" on the initial page shall be sufficient to designate the entire document.

2.   "Confidential Information" means Discovery that the producing Party in good faith believes qualifies for protection under Fed. R. Civ. P. 26(c).

3.   "Discovery" shall include all information disclosed by the Parties in connection with the Proceeding.

4.   The term "document" as used herein shall have the meaning and definition co-extensive with that contained in Federal Rule of Civil Procedure 34(a).  The term "transcript" as used herein shall include the transcript of any sworn testimony, given by or on behalf of any Party during the course of Discovery and/or any portion thereof.  The term "furnished" as used herein means the production of documents and/or the giving of testimony, whether voluntarily or involuntarily, whether pursuant to request or process and whether in accordance with Federal Rule of Civil Procedure, or otherwise.

2

5.    The designation referred to in Paragraph 1 shall be made at the time the document is furnished to any Party or at any time thereafter, however, should a receiving Party disclose any document furnished to it in the period between the document's disclosure to the receiving Party and the time that the producing Party designates a document as Confidential, no violation of this Stipulation and Protective Order shall result.   Whenever a deposition taken by the Parties during the course of Discovery involves disclosure of Confidential Information, the deposition transcript shall be designated by the court reporter on the face of the transcript in the manner set forth herein at Paragraph 1.   Such designation shall be made on the record, but any Party may designate deposition transcripts as CONFIDENTIAL after the record of the deposition has been transcribed, provided written notice of such designation is given by a Party within thirty (30) business days of delivery of the transcript.

6.    Any Party receiving Discovery designated as "Confidential" may object to such designation.   In the event of such an objection, the Parties shall meet and confer in good faith within fifteen (15) business days of the objection to resolve the dispute before seeking relief from the Court.   If the Parties cannot resolve the dispute concerning the designation, the Party seeking the designation may, within fifteen (15) business days of the meet-and-confer, file a motion seeking to have the Court uphold the designation.   The burden of proving that Discovery is entitled to confidential treatment under Rule 26(c) remains with the Party asserting such confidentiality.   All persons receiving the designated Discovery shall treat the material as "Confidential" unless and until the Court issues a ruling that the Discovery is not confidential.   If the producing Party fails to file such a motion within the time period set out above, the Discovery at issue may be treated as if it had not been designated as "Confidential" under this Order.

3

7.    A Party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8.    Confidential Information shall be used by the Parties only in connection with the Proceeding.  Confidential Information shall not be provided by the Parties to any person or entity not authorized by Paragraph 9 of this Stipulation and Protective Order except by Order of the Court.

9.    Subject to the conditions imposed by this Stipulation and Protective Order, Confidential Information shall not be disclosed by the Parties to any person or entity for any purpose, except in connection with the uses authorized by Paragraph 8, and then only to the following persons:

(a)    The Court and Court personnel;

(b)    The Parties' attorneys of record and the regular staff and employees of such attorneys;

(c)    The Parties' employees, directors or officers or in-house counsel, to the extent deemed necessary by counsel of record for those uses authorized by Paragraph 8;

(d)    any person who otherwise would be entitled to review the Confidential Information, including reinsurers and auditors, in the ordinary course of business or as a result of federal or state laws or court orders; provided, however, that production of such Confidential Information in response to a court order, subpoena or document request will be subject to the provisions of Paragraph 11 below;

4

(e)     Experts, consultants and professionals retained by the Parties and their staffs; and

(f)     Any fact witness to whose testimony the Confidential Information is relevant.

10.   No Confidential Information may be produced by the Parties to any person or entity in subsection (e), or (f) of Paragraph 9, without such persons or entities signing Exhibit A attached hereto.  A file shall be maintained by the attorneys of record for each Party of all such written agreements signed by persons to whom the Party has disclosed Confidential Information.

11.   If any Party in possession of Confidential Information is served with a subpoena or other legal process requesting such information, that Party will give immediate notice thereof, through counsel, to the producing Party so that the producing Party may object or seek other relief; and provided that such Confidential Information will not be disclosed in the absence of an order requiring such production unless the producing Party, after receiving notice as described above and having a reasonable opportunity to intervene and object to such production, fails to move for a protective order or take other action to bar disclosure.

12.   Where one or more Party(ies) seek(s) to file Confidential Information with the Court in pleadings, motions, or other papers, that Party or those Parties shall make the appropriate application to the Court to file such papers under seal.  If the Court grants the motion, the moving party shall properly designate the papers as confidential and take all steps necessary to file the documents under seal with the Court.  To the extent that the Court denies such motion, the Confidential Information will no longer be designated as "confidential" and the parties may

5

file such information with the Court.  Where possible, the Party or Parties will seek authorization from the Court to file only confidential portions of papers with the Court under seal.

13.   Nothing herein shall prevent a Party from using its own Confidential Information as it deems necessary and/or appropriate or from seeking further protection with respect to the use of any such material.  Any such action shall not be deemed a breach or waiver of the Parties' obligations under this Stipulation and Protective Order.

14.   Inadvertent failure to designate materials as Confidential Information at the time of production may be remedied by means of supplemental written notice and the provision of copies of properly stamped documents.   However, should a receiving Party disclose any document furnished to it in the period between the document's disclosure to the receiving Party and the time the document is designated as Confidential by the producing Party, no violation of this Stipulation and Protective Order shall result.  Upon receipt of such notice, the Parties shall treat all documents, materials or testimony so designated pursuant to the terms of this Stipulation and Protective Order.  If a Party discloses or has disclosed Confidential Information to a non-Party, the disclosing Party shall, as soon as reasonably possible:

(a) provide the producing Party with written notice of the disclosure;

(b) provide the non-Party with written notice that the information disclosed was confidential; and

(c) seek, and use its best efforts, to ensure the return or destruction of all Confidential Information that was disclosed to the non-Party.

15.   Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of such privilege or production.  Any Party that

receives such materials shall, upon learning that such materials are subject to a claim of privilege, immediately return such materials and all copies therefore to the Party that produced them.

16.   Nothing herein shall preclude a Party from applying to this Court, with notice to the other, for an order modifying this Stipulation and Protective Order or from objecting to discovery that it believes to be otherwise improper.   It is understood and agreed that the execution of this Stipulation and Protective Order shall in no way constitute a waiver of a Party's right to raise or to assert any objections heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the use, relevance or admissibility of any documents or their contents.

17.   The completion of Discovery shall not relieve a Party from its obligations under this Stipulation and Protective Order.   The Court shall retain jurisdiction after such completion for the purposes of any application to modify or enforce the provisions of this Stipulation and Protective Order.

18.   Nothing in this Stipulation and Protective Order is intended to be or should be construed as a concession by any Party that the other's designation of documents or testimony as CONFIDENTIAL is necessary or appropriate.   This Stipulation and Protective Order may be modified by a writing signed by the Parties or by court order.   If the Parties amend, modify or otherwise change this Stipulation and Protective Order, the revised Stipulation and Protective Order shall bind persons or entities that have executed Exhibit A only after a Party causes a copy of such amended, modified or changed Stipulation and Protective Order to be delivered to a person or entity that has executed Exhibit A.   Nothing in this Stipulation and Protective Order is

intended to modify any pre-existing confidentiality agreement previously entered into by any Party or third party.

19.   This Stipulation and Protective Order may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.   After final termination of this action, including any appeal, each Receiving Party either: shall return to the conveying Party all Confidential Information (other than its own Confidential Information) in its possession, custody or control; or dispose of such Confidential Information in a manner agreeable to the conveying Party; provided however, that trial counsel for the Receiving Party may retain one copy of the Confidential Information and all work product derived therefrom.   With respect to any such retained Confidential Information and/or work product, as well as any other Confidential Information in the possession of any person bound by this Stipulation and Protective Order (other than the owner of such Confidential Information), this Stipulation and Protective Order shall survive the final termination of this action.

**SO STIPULATED,** this 13th day of
December, 2013

_____/s/ William D. Nussbaum_____

William D. Nussbaum
D.C. Bar No. 941815
Joel D. Buckman
D.C. Bar No. 1003868
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
william.nussbaum@hoganlovells.com
joel.buckman@hoganlovells.com

_Counsel for Defendant Georgetown University_

_____/s/ Graeme W. Bush_____

Graeme W. Bush
D.C. Bar No. 935064
Roger E. Zuckerman
D.C. Bar No. 134346
ZUCKERMAN SPAEDER LLP
1800 M. Street, NW
Washington, DC 20036
Tel: (202) 778-1800

_Counsel for Plaintiff Scott K Ginsburg_

**SO ORDERED,** this _16_ day of _Dec._, 2013

THE HONORABLE
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

9

## EXHIBIT A

AGREEMENT CONCERNING MATERIAL

COVERED BY THE STIPULATION OF CONFIDENTIALITY

ATTACHED HERETO

I hereby acknowledge that I have read the attached Stipulation and Protective Order of Confidentiality (the "Stipulation and Protective Order"), understand the terms thereof, agree to comply with and be bound by those terms as stated in the Stipulation and Protective Order as of the date hereof, or as amended, modified or changed by the Parties after the date hereof, and consent to the jurisdiction of the United States District Court for the District of Columbia for enforcement of that Stipulation and Protective Order.  I understand that a violation of this undertaking could be punishable as a contempt of court or subject me to other relief.

Dated:_____        _____
                                   Signature

                                   _____
                                   Print or Type Name